**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JOSEPH BRU;** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **Case No.: 20-578** |
| | * | |
| **LOENBRO INSTRUMENTATION &** | * | |
| **ELECTRICAL, LLC AND DAVID** | * | |
| **CERUTTI;** | * | |
| | * | |
| **Defendants.** | * | |

## COMPLAINT

Comes now the above named Plaintiff and for his Complaint against Defendants from whom he seeks all available relief under the Fair Labor Standards Act 29 USC §201, et seq. (hereinafter "FLSA") , offers as follows:

### Preliminary Statement

1.      This action is brought pursuant to the Fair Labor Standards Act, 29 USC §201, et seq. which provides, *inter alia*, that no employer shall employ any of its employees for a work week longer than 40 hours, unless such employees receive compensation for hours worked in excess of 40 at a rate not less than 1½ times the regular rate at which the employee is paid and that no employer shall pay any of its employees less than the minimum wage of $7.25 for every hour worked.

### Jurisdiction and Venue

2.      This Court has jurisdiction over this action pursuant to Title 28 USC §1331.  Venue is proper in this Court pursuant to 28 USC §1391.

**Parties**

3.      Defendant LOENBRO INSTRUMENTATION & ELECTRICAL, LLC "Loenbro") is a Wyoming business entity which at all relevant times was qualified to do business in Alabama and did do business in Mobile County, Alabama where Plaintiff was hired.  Loenbro is an enterprise engaged in commerce, or in the production of goods in commerce, as defined by §203(s)(l) of the FLSA and are, therefore, covered by the minimum wage and overtime provisions of the FLSA.

4.      Defendant DAVID CERUTTI was, at all times relevant hereto, an owner and/or officer of Loenbro who exercised operational control over significant aspects of day-to-day operations and was an "employer" as defined by § 203(b) of the FLSA.

5.      At all times material hereto, each Defendant was an employer, and/or joint employer of Plaintiff, and/or acted in an employment agency relationship with the other Defendants in relation to Plaintiff's employment.

6.      At all times relevant hereto, Plaintiff JOSEPH BRU was an "employee" of Defendants as defined by § 203(e)(1) of the FLSA, and a resident of Mobile County, Alabama.

**Cause of Action**

7.      Plaintiff adopts and incorporates by reference each and every paragraph asserted above as if fully set out herein.

8.      Plaintiff was employed by Defendants continually from June 2019 – February 2020.  During this entire period, Plaintiff was paid on an hourly basis.

9.      During his employment Plaintiff regularly worked in excess of 40 hours per work week.  Under the FLSA, Plaintiff was entitled to overtime compensation at 1½ times his regular hourly rate for each hour over 40 that he worked during a work week.

10.    In violation of the FLSA's recordkeeping requirements, the Defendants failed to keep or maintain the records of time worked and pay required by 29 CFR § 516.2.

11.    The Defendants routinely failed to compensate Plaintiff for compensable time worked.  Before traveling to work sites, Plaintiff often purchased, picked up and / or carried materials and equipment required for work and was not compensated for that time worked or the travel time that followed.  Some days, while traveling to or from to job sites Plaintiff was required to obtain materials and equipment for work and was not paid for that time worked or the travel time that followed.  Some days, after returning from a job site Plaintiff was required to clean employer equipment and vehicles and was not paid for that time, or for the travel time after leaving the job site that preceded that work.  Some days, Plaintiff was required to go to job sites to prepare for work to be done, or to meet with other personnel about job-related matters, and was not paid for either that travel time or the time worked at job sites.  While working in Mobile County, on occasion Plaintiff performed work at the employer's office prior to traveling to job sites but was not paid for any time that he was working except while at job sites.  While working in Mobile County and elsewhere, Plaintiff was routinely compensated only for part of the time he was performing work activities at job sites.

12.    Plaintiff's employment with Defendants also required him to travel away from home overnight for which worktime he was not compensated or was not fully compensated.  At both the beginning and end of such travel Plaintiff was required to load and unload equipment and materials.  Defendant Cerutti specifically advised Plaintiff, and other similarly situated employees, that any payments that encompassed travel time were "a courtesy" and that if employees expected to be paid for all long distance travel time, that Defendants "will go old school and just do 100/day per diem across the board and no longer pay any travel time."

13.     Typically, Defendants' practice was to pay Plaintiff only for the approximated time the Defendants anticipated billing to Defendants' customers rather than for the amount of compensable time Plaintiff worked which Defendants did not accurately record.  As an example, over the course of a workweek in which 5 days of work were performed Defendant would record, and pay Plaintiff for 8, 12, 12, 8 and 7 hours worked (including 7 hours of overtime).  This corresponded to time that Defendants intended to invoice their customers for, but which was unrelated to, and less than, the actual compensable time Plaintiff worked for Defendant because it did not include the compensable time described in paragraphs 11 and 12.

14.     In weeks in which Plaintiff worked more than 40 hours, Defendants' practices resulted in Plaintiff being underpaid, or not paid, for overtime.

15.     Plaintiff was an employee of each Defendant fully entitled to the FLSA's protections.

16.     Each Defendant is an employer covered by the FLSA.

17.     In spite of Defendants' knowledge that Plaintiff was entitled to minimum wage and overtime pay, they willfully and / or recklessly disregarded clearly applicable FLSA provisions and failed to pay Plaintiff ass required by law.  Defendants' failure to pay minimum wage and overtime compensation were both violations of the FLSA for which Plaintiff is entitled to recover all unpaid wages and overtime compensation, liquidated damages, reasonable attorney's fees, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff hereby demands judgment against Defendants jointly and severally, and prays for the following relief:

a.     A money judgment for the amount of Plaintiff's unpaid and underpaid wages and

overtime compensation and in addition, an equal amount of unpaid wages and overtime compensation as liquidated damages pursuant to 29 USC §216(b), along with pre-judgment interest;

      b.      Reasonable attorneys' fees as well as costs and expenses of this action; and

      c.      Such other, further, and different relief as this Court deems appropriate.

*/s/ Ian Rosenthal*
Ian D. Rosenthal (ROSEI6905)
HOLSTON, VAUGHAN & ROSENTHAL, LLC.
P.O. Box 195
Mobile, AL 36601
Telephone: (251) 432-8883
Email: idr@holstonvaughan.com

**Plaintiff respectfully demands a trial by jury.**

*/s/ Ian Rosenthal*
OF COUNSEL

**THE FOLLOWING DEFENDANT IS TO BE SERVED BY CERTIFIED MAIL**

**DAVID CERUTTI**
**16570 Celeste Road**
**Citronelle, Alabama 36522**